United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                                  Hon. Linda Parker

v.

                                  Case No. 21-20050

Viktor Gjonaj,

      Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Viktor Gjonaj have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.     Count of Conviction**

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with Wire Fraud under Title 18 U.S.C. §1343.

**2.     Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
| --- | --- | --- |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |

.

3.  **Elements of Count of Conviction**

    The elements of Count 1 are:

    - That the defendant knowingly devised and executed a scheme to obtain money and property by means of material false and fraudulent pretenses, representations and promises,
    - that the scheme included material misrepresentations or the concealment of a material fact,
    - that the defendant used or caused the use of a wire communication in interstate commerce in furtherance of the scheme.

4.  **Factual Basis**

    The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

In June 2016, GJONAJ believed he had discovered a guaranteed way to win huge jackpots on the Michigan Lottery Dailey 3 and 4 games which led him to substantially increase the number of times he played and amounts he spent.

In 2017, GJONAJ began losing more money than he won and more money than he could afford to lose. Instead of ending his gambling on the Lottery games, GJONAJ devised a scheme to trick individuals into giving him money. Using his experience as a real estate broker and investor, GJONAJ created Title Plus claiming that it would serve as the closing agency for real estate deals he was brokering.

GJONAJ convinced investors that if they gave him money, he would invest it in lucrative real estate deals. In order to make the deals look legitimate, GJONAJ instructed investors to transfer money into Title Plus bank accounts. In order to trick and induce investors into continuing to give him money, GJONAJ, described entirely fictitious real estate deals and often paid investors "profits" which he falsely claimed resulted from the sale of real estate. In fact, Title Plus was a sham company that never closed a deal or facilitated a real estate transaction. All of the money paid to GJONAJ was used by him to play Lottery games and to cover his losses in those games.

By early 2019, Gjonaj was betting over $1million dollars a week on Michigan Lottery games using money fraudulently obtained from victims. In August 2019, Gjonaj's scheme to defraud unraveled resulting in over $19 million in losses to victims.

For the purpose of executing the scheme, on July 3, 2017, GJONAJ transmitted and caused the transmission by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures or sounds, in the form of a wire transfer of funds in the amount of $1,600,000 from Citizen's Bank in Sterling Heights, Michigan to J.P. Morgan Chase in the State of Delaware.

**5.     Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he[ is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**6.  Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction[s] might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

**7. Defendant's Guideline Range**

    **A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

    **B. Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded

the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b).] If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply That the loss amount is more than $9,500,000 and less than,

$25,000,000. USSS 2B1.1(b)(1)(K). That there are more than 10 victims. USSS 2B1.1(b)(2)(A). And that the defendant used sophisticated means to commit the fraud. USSS 2B1.1(b)(10(C

### D. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**8.     Imposition of Sentence**

    **A.     Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    **B.     Imprisonment**

    **1.     Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed 97 months.

    **2.     No Right to Withdraw**

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If

however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3 year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E.     Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F. Forfeiture**

As part of this agreement, the defendant agrees to forfeit any and all proceeds derived from his participation in the wire fraud scheme charged in Count 1 of the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Specifically, defendant agrees to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of Nineteen Million Twenty Five Thousand Dollars ($19,025,000), which represents the amount that defendant personally obtained as a result of the wire fraud scheme charged in Count 1 of the Information and described in the factual basis above.

Following entry of this Rule 11 Agreement, and upon application by the United States, the defendant agrees to the court's prompt entry of a Preliminary Order of Forfeiture imposing the above referenced forfeiture money judgment against the defendant.

The defendant agrees that the forfeiture money judgment may be satisfied from any property owned by him or under his dominion and

control. The defendant explicitly agrees to the forfeiture of any and all substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges, in any form, to any forfeiture carried out in accordance with this plea agreement, on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment.

The defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed against him in this case and waives his right to challenge any failure by the court to advise him of this, under Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted. The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waives any right he may have to request a jury determine forfeiture under Rule 32.2(b)(5).

G.  **Special Assessment**

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

9.  **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 97 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

10.  **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or

prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

11. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

12. **Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his[her] guilty plea for any reason, he[she] waives all of his[her] rights under Federal Rule of Evidence 410, and the government may use his[her] guilty plea, any statement that the defendant made at his[her] guilty

plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**13. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**14. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by the United States or any other party.

15. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00pm on February 8, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

SAIMA S. MOHSIN
Acting United States Attorney

_/s/ Stanley J. Janice_ (for)
John K. Neal
Chief, White Collar Crime Unit
Assistant United States
Attorney

_/s/ Karen Reynolds_
Karen L. Reynolds
Assistant United States
Attorney

Dated: 3-5-2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions

answered by his attorney, and is satisfied with his attorney's advice and representation.

_____     _____
Steven Fishman                                                  Viktor Gjonaj
Attorney for Defendant                                   Defendant

Dated: 3/3/21